UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    -against-<br><br>CLARENCE HEATLEY,<br><br>                    Defendant. | No. 96-CR-515 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Clarence Heatley's December 9, 2019, pro se motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).  (See dkt. no. 654.)  The Government opposed the motion.  (See dkt. no. 656.)  For the reasons below, Mr. Heatley's motion is DENIED.

**I. Background**

The Court assumes familiarity with the facts of the case and summarizes only the facts relevant to Defendant's current motion.[1]

In December 1997, Mr. Heatley and others were charged in a multi-Count Eleventh Superseding Indictment related to their participation in the "Preacher Crew" racketeering enterprise.

---

[1] Unless otherwise specified, the following facts are drawn from the Government's moving papers, which, importantly, Defendant does not dispute.

On February 5, 1999, Defendant pleaded guilty to more than sixty Counts, including: (1) Counts One and Two related to Mr. Heatley's participation in the Preacher Crew's affairs, in violation of 18 U.S.C. § 1962(c) and (d) (the "RICO Offenses"); and (2) Counts Forty-Six through Fifty-Six pertaining to Mr. Heatley's participation in a continuing criminal enterprise involving narcotics, in violation of 21 U.S.C. § 848(a), (b), (c) and (e)(1)(A) (the "Section 848 Offenses").  On June 4, 1999, the Court sentenced Defendant to the mandatory term of life imprisonment--primarily related to his activities pertaining to at least thirteen murders--plus an additional 225 years.

On December 9, 2019, the Court received Defendant's "Motion to Reduce Sentence Pursuant to the First Step Act of 2018." (Dkt. no. 654.)  Mr. Heatley seeks a reduction in his sentence for both the RICO Offenses and the Section 848 Offenses.[2] Defendant asserts that the RICO Offenses and Section 848 Offenses constitute "covered offenses" eligible for sentence

---

[2] (Dkt. no. 654 at 1.)  Defendant only challenges his conviction under 21 U.S.C. § 848(b), (id.), but the Court notes that Mr. Heatley was convicted of violations of 21 U.S.C. § 848(a), (b), (c) and (e)(1)(A).  Because the Court liberally construes the submissions of a pro se defendant "to raise the strongest arguments they suggest," the Court will interpret Defendant's motion as seeking relief from all of his § 848-related convictions.  Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

reduction.  (Id.)   The Government opposed the motion.   (Dkt. no. 656.)

**II. Legal Standard**

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B).  Section 404(b) of the First Step Act authorizes, on a defendant's motion, "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act, § 404(b), 132 Stat. at 5222; e.g., United States v. Holloway, 956 F.3d 660, 661 (2d Cir. 2020) ("18 U.S.C. § 3582(c)(1)(B) . . . provides the correct framework for consideration of a motion for a reduction of a term of imprisonment under the First Step Act.").

Sections Two and Three of the Fair Sentencing Act, respectively, increased the minimum quantity of crack cocaine base that triggers mandatory minimum sentences and eliminated the mandatory minimum sentences for simple possession.  See Fair Sentencing Act, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010).  Section Two amended Section 841(b)(1) of the Controlled Substances Act, 21 U.S.C. § 841(b)(1), and Section 960(b)of the Controlled Substances Import and Export Act, 21

U.S.C. § 960(b), by "increas[ing] the quantities of crack cocaine that must be charged and proven beyond a reasonable doubt to trigger certain statutory ranges."  United States v. Fletcher, 997 F.3d 95, 96 (2d Cir. 2021).  Section Three "eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine" under the Controlled Substances Act, 21 U.S.C. § 844(a).  Fletcher, 997 F.3d at 96.

**III. Discussion**

Because Defendant did not cite a specific section of the First Step Act in his motion--but did reference United States v. Maupin--the Court construes this motion for a reduction of sentence under Section 404 of the First Step Act of 2018.  See § 404, 132 Stat. at 5222; see also United States v. Maupin, No. 19-6817, 2019 U.S. App. LEXIS 27180, at *9-10 (4th Cir. 2019) (holding on appeal that statutory penalties associated with certain violations of RICO may be modified by the Fair Sentencing Act when the statutory maximum penalty is set because of a cocaine base quantity).

For the Court to reduce Mr. Heatley's sentence under Section 404 of the First Step Act, Defendant's conviction must involve a "covered offense."  § 404(a)-(b), 132 Stat. at 5222.  "Covered offenses" include "those for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act."  United States v. Martin, 974 F.3d 124, 138 (2d

4

Cir. 2020).  The First Step Act's "explicit reference to sections 2 or 3 of the Fair Sentencing Act demonstrates that the First Step Act permits a sentencing reduction only to the extent that sections 2 or 3 of the Fair Sentencing Act would apply," i.e., would have altered the applicable statutory penalties. Id.

Mr. Heatley is not eligible for a sentence reduction because he was not convicted of a covered offense under the First Step Act, § 404(a), 132 Stat. at 5222.  As discussed, the Fair Sentencing Act increased the minimum quantity of crack cocaine base in Section 841(b)(1) of the Controlled Substances Act and Section 960(b) of the Controlled Substances Import and Export Act.  As the Government correctly identifies, both Mr. Heatley's RICO and Section 848 convictions did not involve crack cocaine.  (See dkt. no. 656 at 4.)  As a result, Defendant's statutory penalties would not have differed had the Fair Sentencing Act been in effect at the time of Mr. Heatley's convictions.  See, e.g., Martin, 974 F.3d at 138.  The First Step Act provides him no help.

The court in Maupin held that a RICO offense involving crack cocaine may be reduced under the First Step Act, "provided that the defendant's statutory maximum was increased to life as a result of a racketeering activity involving cocaine base that would no longer carry a maximum penalty of life imprisonment."

5

Maupin, 2019 U.S. App. LEXIS 27180, at *9-10.  As shown above, however, the Court confronts nothing similar here.  Moreover, even if Mr. Heatley had been convicted of a covered offense, his sentence would not be practically impacted; Defendant would still face a mandatory life sentence because of his additional conviction for the murders in aid of racketeering.  (Dkt. no. 656 at 2.)  Consequently, Mr. Heatley's motion must be denied.

**IV. Conclusion**

For the foregoing reasons, Mr. Heatley's motion for a reduction in sentence under the First Step Act [dkt. no. 654] is DENIED.  The Clerk of the Court shall (1) close the open motion and (2) mail a copy of this order to Mr. Heatley.

**SO ORDERED.**

Dated:    June 10, 2021
          New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge